# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 18-45-RGA |
| | ) |
| PATRICK TITUS, | ) |
| | ) |
| Defendant. | ) |

## PRELIMINARY JURY INSTRUCTIONS

# TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ................................................................................................ 1
   Role of the Jury............................................................................................................................ 1
   Conduct of the Jury..................................................................................................................... 3
   Bench Conferences ..................................................................................................................... 5
   Description of Trial Proceedings ................................................................................................ 6
   Evidence ..................................................................................................................................... 8
   Credibility of Witnesses............................................................................................................10
   Nature of the Indictment...........................................................................................................12
   Elements of the Offenses Charged............................................................................................13
   Presumption of Innocence; Burden of Proof; Reasonable Doubt .............................................15

## **PRELIMINARY INSTRUCTIONS**

### Role of the Jury

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color,

2

religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

## Conduct of the Jury

Here are some important rules about your conduct as jurors:

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence and you have discussed the case with your fellow jurors during your deliberations.

(2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

3

(6) Until the trial is over and your verdict is announced, do not read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal use, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case by any means, including in person, over a phone, by text messaging, using the internet or any social networking website, or by any other method.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, do not visit any places that are mentioned, use dictionaries, or search the internet for additional information about the case, the parties to the case, the witnesses, the lawyers, or anyone else connected to the case. Please do not try to find out information from any source outside the confines of this courtroom. It would be improper for you to try to find out information on your own.

(9) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

4

## Bench Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing. If that happens, please be patient.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

## Description of Trial Proceedings

The trial will proceed in the following manner.

First: The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. The defendant's lawyers may make an opening statement after the prosecutor's opening statement or the defendant may postpone the making of an opening statement until after the Government finishes presenting its evidence.

The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second: After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the Indictment.

Third: After the Government has presented its evidence, the defendant may present evidence, but he is not required to do so. As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt. The defendant is presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth: After you have heard the evidence, I will give you final instructions concerning the law that you must apply to the evidence presented during the trial.

Fifth: After you have heard my instructions, the lawyers will have the opportunity to present closing arguments. Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in closing arguments is not evidence.

6

Sixth: Next, you will retire to consider your verdict. Your deliberations will be secret.

## Evidence

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)  The testimony of the witnesses;

(2)  Documents and other things received as exhibits; and

(3)  Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1)  Statements and arguments of the lawyers for the parties in this case;

(2)  Questions by the lawyers or the defendant and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness' answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3)  Objections by lawyers, including objections in which the lawyers state facts;

(4)  Any testimony I strike or tell you to disregard; and

(5)  Anything you may see or hear about this case outside the courtroom.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the party is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is

8

improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a party objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision.

9

## Credibility of Witnesses

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief. You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness's testimony in court;

(7) Whether the witness's testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are and how much weight you think their testimony deserves.

## Nature of the Indictment

The Government has charged the defendant Patrick Titus with violating federal laws. Counts One through Fourteen charge the defendant with distributing and dispensing controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Count Fifteen charges the defendant with maintaining a drug-involved premises. The charges against the defendant are contained in the Indictment. An Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

**Elements of the Offenses Charged**

To help you follow the evidence, I will now give you a brief summary of the elements of the offenses, each of which the Government must prove beyond a reasonable doubt in order to convict the defendant of the offenses charged.

The elements of Counts One through Fourteen of the Indictment, distributing and dispensing controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, that the government must prove beyond a reasonable doubt, are:

First, that the defendant distributed or dispensed a mixture or substance containing a controlled substance;

Second, that the defendant distributed or dispensed the controlled substance outside the usual course of professional practice and not for a legitimate medical purpose;

Third, that the defendant distributed or dispensed the controlled substance outside the usual course of professional practice and not for a legitimate medical purpose knowingly or intentionally; and

Fourth, that the controlled substance was the particular controlled substance or substances alleged for each of Counts One through Fourteen of the Indictment.

The elements of Count Fifteen, maintaining a drug-involved premises, that the government must prove beyond a reasonable doubt, are:

First, that the defendant permanently or temporarily maintained or leased or used the place known as Lighthouse Internal Medicine, located on Church Street in Milford;

Second, that the defendant maintained that place for the purpose of distributing or dispensing any controlled substance outside the usual course of professional practice and not for a legitimate medical purpose; and

13

Third, that the defendant acted knowingly.

What I have just told you is only a preliminary outline of the elements of the offenses charged. At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law. Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant Patrick Titus has pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the Government presents evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt. The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that the defendant is guilty, and this burden stays with the Government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the Government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

15

If, after hearing all the evidence, you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, you should return a verdict of guilty as to that offense. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty as to that offense.

16