IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 18-45-RGA |
| | : | |
| PATRICK TITUS., | : | |
| | : | |
| Defendant. | : | |

ORDER RE: PROPOSED EXPERT SULLIVAN

On the *Daubert* motion in regard to Sullivan (*see* D.I. 49, 56, 61, 79, 79-1, 81-2), I conclude that Sullivan appears to be sufficiently qualified,[1] and he can offer (1) opinions on the characteristics of a pill mill or the like, and (2) relevant testimony critical of the investigators' techniques.

In Defendant's latest submission (D.I. 79), Defendant broadly characterizes the second of these two areas. *E.g.*, the testimony would concern "overview of DEA investigatory practices" and "possible deficiencies in the government's investigation of Dr. Titus." (D.I. 79 at 3). Sullivan will "address the strength of the government's case." (*Id.* at 4). Defendant submitted (*ex parte*, which I honor by being vague here[2]) specific examples related to anticipated trial

---

[1] Perhaps voir dire will reveal a lack of qualifications, but for present purposes I accept that based on his resume and the representations of Defendant (*see* D.I. 79 at 2-3) he is qualified.  He was a DEA agent performing relevant work, and the fact that he retired about twenty years ago is merely grounds for cross-examination.  Assuming he spent ten years as "security manager" of a toy company, that too is simply grist for the cross-examination mill.  He appears to have more recent ongoing work responsibilities for "Pharma Compliance Group" and pharmaceutical companies relating to drug diversion.  The relevance of pill mill testimony is not challenged, and his ability to critique relevant aspects of the investigation that have an impact on the trial (say, that the agents put words in the mouth of witnesses that the witnesses at trial are now regurgitating) appears to be something that that would be helpful to a jury.

[2] Once the Government's case is complete, Defendant is going to need a detailed proffer as to what Sullivan proposes to testify in relation to this second category of proposed testimony, or he is going to be limited to pill mill testimony.

witnesses.  I am not now convinced that there is any relevance to the second category other than maybe as it relates to actual trial testimony in the case, as seems to be suggested by the *ex parte* submission.  But such a concern is not a *Daubert* issue; it is a relevance (and possibly Rule 403) issue that can only be decided after the Government presents its case.

Thus, I find that Sullivan is qualified (but of course I do not preclude the Government from voir diring him at trial) to offer the proposed testimony. Defendant may offer expert testimony from Sullivan about pill mills and critiquing aspects of the investigation to the extent such critiques are relevant to the issues at trial.

IT IS SO ORDERED this 28th day of June 2021.

/s/ Richard G. Andrews
United States District Judge